**RECEIVED**

SEP 27 2012

JOHN P. HEHMAN, CLERK
COLUMBUS, OHIO

Willard R. Tom
General Counsel

Peter Lamberton
Evan Zullow
Teresa N. Kosmidis
plamberton@ftc.gov; ezullow@ftc.gov; tkosmidis@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Mail Drop NJ 3158
Washington, DC 20580
Tel: (202)-326-3274 (Lamberton)
Tel: (202) 326-2914 (Zullow)
Tel: (202) 326-3216 (Kosmidis)
Fax: (202)-326-3768

Attorneys for Plaintiff FTC

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>Ryan Golembiewski, individually and d/b/a www.legitimatedebtsettlement.com, www.debtreliefemergency.com, www.freecreditcounselinghelp.com, www.creditdebtsettlements.com, www.creditcarddebtnegotiations.com, www.disputedebts.com, www.freedebtreductionhelp.com, www.freedebtsettlementadvice.com, www.creditcarddebtfighters.com, www.CardDebtManagement.com, www.ChooseDebtRelief.com, www.DebtDecreaser.com, www.DebtFinanceCompany.com, www.DefeatDebts.com, www.FreeDebtConsolidationAdvice.org, www.GetInstantCashLoans.com, and www.LegitimateDebtHelp.com,<br>and<br><br>United Debt Associates, LLC<br>a limited liability company,<br><br>Defendants. | Case No. **2:12 cv 893**<br><br>**JUDGE SARGUS**<br><br>**MAGISTRATE JUDGE ABEL**<br><br>STIPULATED FINAL<br>JUDGMENT AND ORDER |

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), has filed a Complaint for Permanent Injunction and Other Equitable Relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §53(b), to obtain permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, the disgorgement of ill-gotten monies, and other equitable relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310.

The Complaint alleges that Defendants engaged in unfair or deceptive acts or practices in advertising and marketing debt relief services in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the TSR, 16 C.F.R. Part 310.

The parties have agreed to entry of this Stipulated Final Judgment and Order ("Order") by this Court without trial or adjudication of any issue of fact or law and without the Defendants admitting liability for any of the matters alleged in the Complaint. Defendants have waived service of the Summons and Complaint.

The parties having requested the Court to enter this Order, it is therefore ORDERED, ADJUDGED, AND DECREED as follows:

## FINDINGS

1. This Court has jurisdiction over the subject matter and over the parties.

2. The Complaint states a claim upon which relief may be granted against Defendants under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a), 53(b), and the TSR, 16 C.F.R. Part 310.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), and 15 U.S.C. § 53(b).

4. The activities of Defendants are in or affecting commerce as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44, as amended.

5. Defendants have read and fully understand the Complaint against them and the provisions of this Order, and they freely enter into this Order.

2

6. This settlement does not settle and resolve any matters not alleged in the Complaint.

7. Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Defendants also waive any claim that they may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order and any claims they may have against the Commission, its employees, representatives, or agents. Each party shall bear its own costs and attorneys fees.

8. This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

9. Entry of this Order is in the public interest.

## ORDER

### DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A. **"Assisting others"** includes, but is not limited to:
   1. performing customer service functions, including, but not limited to, receiving or responding to consumer complaints;
   2. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material;
   3. formulating or providing, or arranging for the formulation or provision of, any marketing support materials or services, which includes but is not limited to web addresses or Internet Protocol addresses for any Internet websites, telemarketing sales scripts, affiliate marketing services, or media placement services;
   4. providing names of, or assisting in the generation of, potential customers;
   5. performing marketing or billing services of any kind; and
   6. acting or serving as an owner, officer, director, manager, or principal of any entity.

3

B. **"Competent and reliable evidence"** means tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that has been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results.

C. **"Corporate Defendant"** means United Debt Associates, LLC, and each of its successors and assigns.

D. **"Customer"** means any person who has paid, or may be required to pay, for products, services, plans, or programs offered for sale or sold by the Defendants.

E. **"Debt relief service"** means any product, service, plan, or program represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more unsecured creditors or debt collectors, including, but not limited to, a reduction in the balance, interest rate, or fees owed by a consumer to an unsecured creditor or debt collector.

F. **"Defendants"** means the Individual Defendant and the Corporate Defendant, individually, collectively, or in any combination.

G. **"Distribution(s)"** means any direct or indirect transfer of money, securities, or other property from the Investment Properties or either of them to, or for the benefit of, the Individual Defendant.

H. **"Financial related product or service"** means any product, service, plan or program represented, expressly or by implication, to:
   1. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;
   2. improve, or arrange to improve, any consumer's credit record, credit history, or credit rating;
   3. provide advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record,

4

credit history, or credit rating;

4. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit; or

5. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving any service represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more secured creditors, servicers, or debt collectors.

I. "**Individual Defendant**" means Ryan Golembiewski and the following d/b/as: www.legitimatedebtsettlement.com, www.debtreliefemergency.com, www.freecreditcounselinghelp.com, www.creditdebtsettlements.com, www.creditcarddebtnegotiations.com, www.disputedebts.com, www.freedebtreductionhelp.com, www.freedebtsettlementadvice.com, www.creditcarddebtfighters.com, www.CardDebtManagement.com, www.ChooseDebtRelief.com, www.DebtDecreaser.com, www.DebtFinanceCompany.com, www.DefeatDebts.com, www.FreeDebtConsolidationAdvice.org, www.GetInstantCashLoans.com, and www.LegitimateDebtHelp.com.

## BAN ON DEBT RELIEF SERVICES

### I.

IT IS THEREFORE ORDERED that Defendants, whether acting directly or through any other person, are permanently restrained and enjoined from:

A. Advertising, marketing, promoting, offering for sale, or selling any debt relief service; and

B. Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any debt relief service.

## PROHIBITED MISREPRESENTATIONS RELATING TO FINANCIAL RELATED PRODUCTS OR SERVICES

### II.

IT IS FURTHER ORDERED that Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, or sale of any financial related product or service, are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

- A. The terms or rates that are available for any loan or other extension of credit;
- B. Any person's ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit;
- C. That any person can obtain a modification of any secured loan or mortgage or postpone or cancel the foreclosure of any property by renegotiating, settling, or in any other way altering the terms of payment or other terms of such debt; or
- D. That a consumer will receive legal representation.

## PROHIBITED MISREPRESENTATIONS RELATING TO ANY PRODUCTS OR SERVICES

### III.

IT IS FURTHER ORDERED that Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, or sale of any product, service, plan, or program are hereby permanently restrained and enjoined from

6

misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

- A. Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

- B. That any person is affiliated with, endorsed or approved by, or otherwise connected to any other person; government entity; public, non-profit, or other non-commercial program; or any other program;

- C. That they themselves provide the product, service, plan, or program;

- D. That any person providing a testimonial has purchased, received, or used the product, service, plan, or program;

- E. That the experience represented in a testimonial of the product, service, plan, or program represents the person's actual experience resulting from the use of the product, service, plan, or program under the circumstances depicted in the advertisement;

- F. The total costs to purchase, receive, or use, or the quantity of, the product, service, plan, or program;

- G. Any material restriction, limitation, or condition on purchasing, receiving, or using the product, service, plan, or program; or

- H. Any material aspect of the performance, efficacy, nature, or characteristics of the product, service, plan, or program.

## SUBSTANTIATION FOR BENEFIT, PERFORMANCE, AND EFFICACY CLAIMS

### IV.

IT IS FURTHER ORDERED that Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with

7

any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, or sale of any financial related product or service are hereby permanently restrained and enjoined from making any representation or assisting others in making any representation, expressly or by implication, about the benefits, performance, or efficacy of any financial related product or service, unless at the time such representation is made, Defendants possess and rely upon competent and reliable evidence that substantiates that the representation is true.

## PROHIBITION ON DISCLOSING CUSTOMER INFORMATION

### V.

IT IS FURTHER ORDERED that Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are permanently restrained and enjoined from:

A. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, Social Security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any person which any Defendant obtained prior to the date of entry of this Order in connection with the marketing or promotion of debt relief services; and

B. Failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after the date of entry of this Order. Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

8

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## MONETARY JUDGMENT

### VI.

IT IS FURTHER ORDERED that:

A. Judgment for equitable monetary relief is hereby entered jointly and severally against Defendants in the amount of three-hundred and ninety thousand, five-hundred and twenty-six dollars and fifty-five cents ($390,526.55);

B. Defendants shall make the payment required by Subsection A of this Section (the "Payment"), within 7 days of the date of entry of this Order. The Payment shall be made to the Commission by wire transfer in accordance with directions provided by the Commission, or in such other manner as agreed to by the Commission.

C. All funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress, and any attendant expenses for the administration of such equitable relief fund. Defendants shall cooperate fully to assist the Commission in identifying consumers who may be entitled to redress pursuant to this Order. If the Commission determines, in its sole discretion, that redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. Defendants shall have no right to challenge the Commission's choice of remedies under this Section, and shall have no right to contest the manner of distribution chosen by the Commission. This judgment for equitable

monetary relief is solely remedial in nature and is not a fine, penalty, punitive assessment, or forfeiture;

D. In the event of any default on Defendants' obligation to make payment under this Section, interest, computed pursuant to 28 U.S.C. § 1961, as amended, shall accrue from the date of default to the date of payment, and shall immediately become due and payable;

E. Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendants shall make no claim to or demand return of the funds, directly or indirectly, through counsel or otherwise;

F. Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including, but not limited to, a nondischargeability complaint in any bankruptcy case. Defendants further stipulate and agree that the facts alleged in the Complaint establish all elements necessary to sustain an action pursuant to, and that this Order shall have collateral estoppel effect for purposes of, Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A);

G. In accordance with 31 U.S.C. § 7701, Defendants are hereby required, unless they already have done so, to furnish to the Commission taxpayer identifying numbers (social security numbers or employer identification numbers), which shall be used for purposes of collecting and reporting on any delinquent amount arising out of their relationship with the government. Defendant Golembiewski is further required, unless he has already have done so, to provide the Commission with clear, legible and full-size photocopies of all valid driver's licenses that he possesses, which will be used for reporting and compliance purposes; and

H. Proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

## ORDER ACKNOWLEDGMENTS

### VII.

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 20 years after entry of this Order, the Individual Defendant for any business that such Defendant, individually or collectively with any other Defendant, is the majority owner or directly or indirectly controls, must deliver a copy of this Order to: (1) all principals, officers, directors, and managers; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. To all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

11

## COMPLIANCE REPORTING

## VIII.

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

- A. One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury.
    1. Each Defendant must: (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the Commission [and Plaintiff] may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission;
    2. Additionally, the Individual Defendant must: (a) identify all telephone numbers and all email, Internet, physical, and postal addresses, including all residences; (b) identify all titles and roles in all business activities, including any business for which Defendant performs services whether as an employee or otherwise and any entity in which Defendant has any ownership interest; and (c) describe in detail Defendant's involvement in each business, including title, role, responsibilities, participation, authority, control, and any ownership.
- B. For 20 years following entry of this Order, each Defendant must submit a

12

compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, the Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which Defendant performs services whether as an employee or otherwise and any entity in which Defendant has any ownership interest, and identify its name, physical address, and Internet address, if any.

C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal

13

Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. United Debt Associates, LLC.

## RECORDKEEPING

### IX.

IT IS FURTHER ORDERED that Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendant and the Individual Defendant for any business in which that Defendant, individually or collectively with any other Defendants, is a majority owner or directly or indirectly controls, must maintain the following records:

A. Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C. Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. A copy of each advertisement or other marketing material.

## COMPLIANCE MONITORING

### X.

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order, including the financial representations upon which this judgment was based:

A. Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other

14

requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## RETENTION OF JURISDICTION

### XI.

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

IT IS SO ORDERED.

DATED this 3rd day of October, 2012.

_____
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR DEFENDANT United Debt Associates, LLC:**

By: _____  Date: 6/12/2012
Ryan Golembiewski


**FOR DEFENDANT Ryan Golembiewski:**

By: _____  Date: 6/12/2012
Ryan Golembiewski

17

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF FEDERAL TRADE COMMISSION**

WILLARD K. TOM
General Counsel

*/s/ Peter Lamberton*

PETER LAMBERTON
EVAN ZULLOW
TERESA N. KOSMIDIS
plamberton@ftc.gov; ezullow@ftc.gov; tkosmidis@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Mail Drop NJ 3158
Washington, DC 20580
Tel: (202) 326-3274 (Lamberton)
Tel: (202) 326-2914 (Zullow)
Tel: (202) 326-3216 (Kosmidis)
Fax: (202) 326-3768

Date: September 26, 2012

Attorneys for Plaintiff FTC